## In the MATTER OF: Fronse W. SMITH, Respondent

### Supreme Court Case No. 71S00-1702-DI-75

Supreme Court of Indiana.

4/21/2017

Published Order Suspending Respondent from the Practice of Law in Indiana for Noncooperation

On February 15, 2017, this Court ordered Respondent to show cause why Respondent should not be immediately suspended from the practice of law in this state for failure to cooperate with the Commission's investigation of a grievance, No. 15-1597, filed against Respondent. The order required that Respondent show cause in writing within ten days of service of the order. Respondent has not submitted a response to the Court's order to show cause. On February 28, 2017, the Commission filed a "Request for Ruling and to Tax Costs" asserting that Respondent still has not cooperated, to which Respondent has not responded.

Being duly advised, the Court ORDERS that **Respondent be suspended from the practice of law for noncooperation with the Commission, effective immediately.** Pursuant to Admission and Discipline Rule 23(10.1)(c)(3), this suspension shall continue until the Executive Director of the Disciplinary Commission certifies to the Court that Respondent has cooperated fully with the investigation or until further order of this Court, provided there are no other suspensions then in effect.

Respondent is already under suspension as ordered in Case No. 71S00-1610-DI-547. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26).

IT IS FURTHER ORDERED, pursuant to Admission and Discipline Rule 23(10.1)(d), that Respondent reimburse the Disciplinary Commission **$519.71** for the costs of prosecuting this proceeding.

All Justices concur.

## IN RE Failure to Satisfy Costs in Lawyer Discipline Case of: Beau J. WHITE, Respondent

### Supreme Court Case No. 27S00-1606-DI-332

Supreme Court of Indiana.

4/21/2017

Published Order Suspending Attorney for Failure to Pay Costs

On February 21, 2017, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in this disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rule 23(10)(f)(5) (2016) (now Rule 23(10.1)(d)) or Rule 23(16) (2016) (now Rule 23(21)), and Respondent is therefore subject to suspension under Admission and Discipline Rule 2(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of law in Indiana, **effective fifteen days**

**from the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission and Discipline Rule 2(h), provided the requirements of that provision are met. Reinstatement will be granted only if no other suspension is in effect and Respondent is otherwise eligible for reinstatement. Applications for reinstatement or for other relief shall be filed under the cause number for this case.

All Justices concur.

■

**IN RE Failure to Satisfy Costs in Lawyer Discipline Case of: Veronica M. ROBY, Respondent**

**Supreme Court Case No 48S00-1601-DI-15**

Supreme Court of Indiana.

4/21/2017

Published Order Suspending Attorney for Failure to Pay Costs

On February 21, 2017, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in this disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rule 23(10)(f)(5)

(2016) (now Rule 23(10.1)(d)) or Rule 23(16) (2016) (now Rule 23(21)), and Respondent is therefore subject to suspension under Admission and Discipline Rule 2(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of law in Indiana, **effective fifteen days from the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission and Discipline Rule 2(h), provided the requirements of that provision are met. Reinstatement will be granted only if no other suspension is in effect and Respondent is otherwise eligible for reinstatement. Applications for reinstatement or for other relief shall be filed under the cause number for this case.

All Justices concur.

■

**In the MATTER OF: Galen K. KAUFFMANN, Respondent**

**Supreme Court Case No. 20S00-1612-DI-627**

Supreme Court of Indiana.

4/27/2017

Published Order Accepting Resignation and Concluding Proceeding

Loretta H. Rush Chief Justice of Indiana

Respondent has tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that there is present-